**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| **MARK SHASTI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | Case No.: 1-26-cv-01363 |
| ) | |
| **MICHAEL ROSNER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**</u>

In his First Amended Complaint, Plaintiff—who, since 2022, has been repeatedly sued, including for claims of sexual harassment, false imprisonment, retaliation, assault and battery, sexual misconduct with a patient, breach of his subsequent settlement agreement with that same patient, and for multiple claims of medical malpractice[1]—attributes his declining surgical practice to a single statement allegedly made by the Defendant, Dr. Michael Rosner.

In sum, Plaintiff alleges that Dr. "Rosner published a false and defamatory statement to Dr. Sumas [an expert witness] between March 1, 2023, and October 6, 2024, which included the claim that [Plaintiff] had been terminated [for cause] … for performing unnecessary surgeries."  First

---

[1]  Public dockets and court files "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Under Rule 201(b)(2) of the Federal Rules of Evidence, this Court may therefore take judicial notice of public court records attached hereto as <u>Exhibit A</u> to establish the existence of the referenced lawsuits, the claims made therein, and when the suits were filed.

Plaintiff has been sued with respect to surgeries performed at both his former and current places of employment.

Defendant has acquired and is prepared to file certified copies of each of the documents contained in Exhibit A.

Amended Complaint ("FAC"), ¶ 21. [2]  Plaintiff's First Amended Complaint, which pleads a single defamation count, fails as a matter of law on multiple grounds.

First, expert medical witnesses have absolute immunity from defamation lawsuits for statements made in connection with legal proceedings.  *Odyniec v. Schneider*, 322 Md. 520, 534, 588 A.2d 786, 793 (1991).  Here, Plaintiff claims to have learned of the statement in a "Second Set of Interrogatory Answers" served in one of the malpractice actions brought against him.  FAC, ¶ 20.

Second, the document upon which Plaintiff's claim entirely rests simply does not say what Plaintiff alleges.  Instead, it provides that "Dr. Sumas ... **could not recall the source** [of the statement], but believes that **it may have been** Dr. Rosner."  Second Set of Interrogatory Answers, attached hereto as <u>Exhibit B</u> (emphases added).[3]

Third, there is no causal connection between the damages Plaintiff claims to have suffered and the single statement purportedly made to an expert witness by which Plaintiff claims to have been defamed.

The First Amended Complaint should therefore be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. <u>Statements Made By Expert Medical Witnesses in Connection with Legal Proceedings Are Entitled to Absolute Immunity</u>.

Maryland law provides an absolute privilege for statements made by medical professionals during, preliminary to, or in connection with judicial proceedings, and that privilege bars a

---

[2]    Plaintiff expressly admits to having been terminated, but insists it was without cause. FAC, ¶ 14.

[3]    Documents integral to the complaint that the plaintiff references or upon which a plaintiff heavily relies can be considered by the Court on a motion to dismiss.  *Goines v. Valley Comty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700 (4th Cir. 2007).  Here, Plaintiff expressly references the attached document and entirely relies upon both as "proof" of publication and for statute of limitations purposes.

defamation action even where the statement was malicious, known to be false, or unreasonable. *Odyniec*, 322 Md. at 527, 588 A.2d at 789 . The privilege reaches not only in-court testimony but also statements "contained in pleadings, affidavits and other documents filed in a judicial proceeding or directly related to the case," and statements in documents prepared for use in pending litigation even if never filed. *Id.*; *see Adams v. Peck*, 288 Md. 1, 7-8, 415 A.2d 292, 295-96 (1980) (absolute privilege against defamation extends to private reports and statements made by witnesses or professionals in preparation for a pending judicial proceeding, even if the document is never formally filed with the court).

Here, Plaintiff claims that the Defendant, Dr. Rosner, is the source of the allegation set forth in Paragraph 22 of a malpractice complaint against him brought by David Tilton. FAC, ¶ 17, n. 2 ("Upon information and belief, Inova terminated Dr. Shasti's employment because he performed [Tilton's] surgery and other large surgeries that were not indicated by his patients' presentation.")

Even if made (which Defendant denies) this statement is explicitly set forth in a legal proceeding. Defendant, who Plaintiff admits is a medical professional, is therefore entitled to an absolute privilege against the defamation claim set forth in the First Amended Complaint.

2. <u>Plaintiff Fails to State a Plausible Claim Because the Complaint Does Not Allege Facts Showing Defendant Published the Alleged Statement.</u>

To state a claim for defamation under Maryland law, a plaintiff must plead: "(1) that the defendant made a defamatory communication to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441, 966 A.2d 432, 448 (2009). Publication by the Defendant to a third person is an essential element of Plaintiff's case.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]— 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, the First Amended Complaint repeatedly alleges that the Defendant made a false and defamatory statement to Dr. Sumas. However, the contents of a document central to the First Amended Complaint override the Plaintiff's conflicting allegations. *Goines*, 822 F.3d at 167; *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013). The centrality of Second Set of Interrogatory Answers that Plaintiff expressly references to the claims asserted in the First Amended Complaint is clear. That document is the sole source for Plaintiff's claim that the Defendant defamed him. It also serves as the basis for Plaintiff's claim that he is entitled to the benefit of the discovery rule relative to a claim that would otherwise be time-barred. FAC, ¶¶ 20-23.

The Second Set of Interrogatory Answers could not be more clear as to the impermissibly speculative assertion that the Defendant published the statement with which the Plaintiff takes issue: "Dr. Sumas ... **could not recall the source** [of the statement], but believes that **it may have been** Dr. Rosner." Exhibit B (emphases added). Such speculation is insufficient as a matter of law to support a claim against Dr. Rosner. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009) (affirming dismissal where allegations were based upon speculation rather than well-pleaded facts).

The First Amended Complaint should therefore be dismissed in its entirety.

3. <u>Plaintiff has Failed to Plausibly Allege Proximate Cause</u>.

The First Amended Complaint attributes Plaintiff's alleged loss of surgical volume to the Defendant's purported statement, but it pleads no factual connection between the two. Nor can one be reasonably inferred. The only person to whom the allegedly defamatory statement was purportedly published is an expert witness in what Plaintiff insists is a "specious medical malpractice case … filed against him." FAC, ¶ 17. The First Amended Complaint does not identify: any patient who declined treatment; any physician who ceased making referrals; any hospital credential affected; any employment opportunity lost; any contract terminated because of Defendant. Instead, Plaintiff alleges only that his practice declined and concludes Defendant caused it. Such conclusory allegations again fail under *Twombly* and *Iqbal*.

Merely alleging defamation *per se* does not relieve Plaintiff of the need to establish a causal connection between the defamation alleged and the damage he purportedly suffered. The First Amended Complaint repeatedly states that the false statement was "published with negligence." FAC, ¶¶ 25, 29. Even if the statement were actionable *per se*, if the Defendant was merely negligent in making the false statement, the Plaintiff must still prove actual damages. *Shapiro v. Massengill*, 105 Md. App. 743, 773-74, 661 A.2d 202, 217-18 (1995); *Hearst Corp. v. Hughes*, 297 Md. 112, 130-31, 466 A.2d 486, 495 (1983); *Metromedia, Inc. v. Hillman*, 285 Md. 161, 172, 400 A.2d 1117, 1123 (Md. 1979); *Jacron Sales Co. v. Sindorf*, 276 Md. 580, 590, 350 A.2d 688, 694 (1976).

Here, negligence is all that has been alleged. Plaintiff must therefore plead and ultimately prove actual damages. He has failed to meet this burden. Conclusory allegations unsupported by

factual content are insufficient. *Francis v. Giacomelli*, 588 F.3d 186, 193–95 (4th Cir. 2009) (Rule 8 requires factual allegations sufficient to raise a right to relief above the speculative level).[4]

### CONCLUSION

The First Amended Complaint should therefore be dismissed in its entirety. Given the absolute privilege to which the Defendant is entitled and the entirely speculative nature of the allegations here, Plaintiff should not be granted leave to amend.

Respectfully submitted,

**MICHAEL ROSNER**

By his attorneys,

*/s/ Daniel J. Healy*_____
Daniel J. Healy (MD Bar 16314)
Stephen A. Best (admitted *pro hac vice*)
Brown Rudnick LLP
1900 N Street NW 4th Floor
Washington, D.C. 20036
Telephone: (202) 536-1700
Facsimile: (202) 536-1701
E-mail: dhealy@brownrudnick.com
E-mail: sbest@brownrudnick.com

---

[4]    Plaintiff invoked the jurisdiction of this Court contending that he has suffered damages exceeding $75,000. Given complete absence of causal connection between the defamation alleged and damages claimed, it is difficult to determine how this number was derived.

## <u>CERTIFICATE OF SERVICE</u>

       I, Daniel J. Healy, hereby certify that on this 15th day of July, 2026, I electronically filed the foregoing document using the CM/ECF system, which will send a notification to all counsel of record.

                                   */s/ Daniel J. Healy*_____

                                   Daniel J. Healy