**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **MARK SHASTI,** | ) | Case No.: 1:26-cv-01363-ELH |
| *Plaintiff,* | ) | |
| v. | ) | |
| **MICHAEL ROSNER,** | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Dr. Mark Shasti ("*Dr. Shasti*") appears by counsel and submits this Status Report pursuant to the Court's August 3, 2026, Order (ECF 22), and states as follows:

1. On April 7, 2026, Dr. Shasti filed his Complaint (ECF 1). The same day, counsel filed a document titled "First Amended Complaint" (ECF 2) to correct two clerical errors in the Complaint as filed: the case number was omitted from the caption, and counsel's electronic signature was omitted from the signature block. The allegations of the two documents were identical.

2. The Clerk designated ECF 2 as filed in error because the redline copy required by Local Rule 103.6.c was not attached, and the document link was disabled (ECF 3). A corrected amended complaint was not thereafter re-filed. As the Clerk has since confirmed, "there is no previous Amended Complaint on the record in this case." ECF 24. The Complaint (ECF 1) accordingly remains the operative pleading, as the Court's August 3 Order reflects. ECF 22 at 1.

3. On July 15, 2026, Defendant moved to dismiss (ECF 16) (the "*Motion*"), directing the Motion to the "First Amended Complaint." Under Local Rule 105.2.a, a memorandum in opposition was due July 29, 2026. Dr. Shasti elected instead to respond to the Motion by amended pleading, a course Rule 15(a)(1)(B) contemplates.

4. On August 3, 2026, the Court directed Dr. Shasti to report by August 24, 2026, whether he intends to oppose the Motion. ECF 22.

5. On August 6, 2026, Dr. Shasti responded to the Motion by filing an amended pleading, titled "Second Amended Complaint." ECF 23. The amended pleading adds allegations addressing the arguments raised in the Motion, including the capacity in which Defendant is alleged to have made the statement at issue, the timing and circumstances of its publication, and the causal connection between the statement and Dr. Shasti's damages.

6. On August 10, 2026, the Clerk designated ECF 23 as filed in error on two grounds of form: the redline copy was omitted, and the pleading was mistitled a "Second" Amended Complaint although no amended complaint is of record. ECF 24. The Clerk directed that a clean copy be re-filed with the redline attached.

7. Contemporaneously with this Status Report, Dr. Shasti re-files the corrected pleading, now titled "Amended Complaint," with a redline against the operative Complaint attached. Except for the corrected title and an updated certificate, the re-filed Amended Complaint is identical to ECF 23.

8. The Amended Complaint is Dr. Shasti's first amendment of his pleading. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course; because ECF 2 was designated as filed in error and never became part of the record, Dr. Shasti has not previously exercised that right.

9. Counsel calculated the twenty-one-day period under Rule 15(a)(1)(B), measured from the electronic filing of the Motion on July 15, 2026, to run through Thursday, August 6, 2026, and filed the amended pleading that day. The period in fact ran on Wednesday, August 5, 2026. Counsel apologizes to the Court for the one-day miscalculation and offers no excuse for it. To the extent the amendment required leave, Dr. Shasti respectfully requests that the Court grant leave under Rule 15(a)(2) and accept the Amended Complaint as filed. Rule

15(a)(2) directs that the Court "should freely give leave when justice so requires," and the circumstances support leave here: this case is at its earliest stage; no scheduling order has been entered and no discovery has occurred; the amendment responds directly to the arguments raised in the Motion; and a single day's interval worked no cognizable prejudice to Defendant.

10. The re-filing made this date should be treated as effective as of August 6, 2026. The corrections the Clerk directed, the redline attachment and the title, are matters of form. Rule 5(d)(4) provides that the clerk "must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice," and the accompanying 1991 advisory committee note explains that form-based refusals were proscribed because "the practice exposes litigants to the hazards of time bars."

11. In direct response to the Court's inquiry: Dr. Shasti's primary response to the Motion is his Amended Complaint, which supersedes the pleading to which the Motion is directed and renders it of no legal effect.[1] The Motion is therefore moot. Nonetheless, so that no path forward requires further delay, Dr. Shasti contemporaneously files a protective memorandum in opposition to the Motion and respectfully requests leave under Rule 6(b)(1)(B) to file it out of time. Each of Dr. Shasti's responses to the Motion is now before the Court: the Court may accept the Amended Complaint, which moots the Motion, or consider the Motion against the operative Complaint together with the opposition.

Dr. Shasti therefore respectfully requests that the Court accept the Amended Complaint filed this date as timely and deny the Motion (ECF 16) as moot, or, in the alternative, grant leave for the contemporaneously filed memorandum in opposition and deny the Motion on the merits.

---

[1] *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).

Dated: August 24, 2026

Respectfully submitted,

**MARK SHASTI**

*By Counsel*

*<u>/s/ Evan D. Mayo</u>*
Evan D. Mayo (admitted pro hac vice)
Payal C. Sampat (admitted pro hac vice)
MAYO LAW GROUP PLLC
425 Locust Avenue, Suite 201
Charlottesville, Virginia 22902
Telephone: 434.951.2222
Facsimile: 434.951.0666
evan@mayolawgroup.com
payal@mayolawgroup.com

Jason W. Fernandez (Bar # 29069)
Greenberg & Bederman, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Tel: (866) 589-8547
Fax: (240) 630-3553
jfernandez@gblawyers.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Evan D. Mayo*
Evan D. Mayo